UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARC OLIN LEVY,<br><br>    Plaintiff,<br><br>    v.<br><br>PRIMERICA, INC.,<br><br>    Defendant. | Case No. 5:16-cv-01254-HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 9 |

    Pro se plaintiff Marc Olin Levy sues for alleged employment discrimination. He says that he interviewed for a position with defendant Primerica, Inc. (Primerica), but was not hired because he has a criminal record. He seeks $2 billion in damages, claiming that "Primerica discriminated against me in employment with their company, due to my criminal background" and that the decision not to hire him "is illegal as to California state employment law and EEOC law . . .." (Dkt. 1, ECF p. 7). Levy filed his complaint in state court, and defendant removed the matter here, asserting diversity jurisdiction under 28 U.S.C. § 1332.

    This is not the first time that Levy has sued for alleged employment discrimination based on various reasons, including his criminal record. Indeed, the court's records[1] reveal that, in the past two years, the present action is the third employment lawsuit Levy has filed concerning his

---

[1] The court may take judicial notice of its records on its own. Fed. R. Evid. 201(c)(1).

criminal record.[2] The prior actions were dismissed with prejudice because having a criminal record is not a protected class under either federal or state employment discrimination law, and there was no indication that Levy had exhausted his administrative remedies---a necessary prerequisite to filing suit. See Case No. 5:14-cv-04073 EJD *Levy v. State Farm*, Dkt. 27 and 5:15-cv-05962 HRL *Levy v. New York Life Ins. Co.*, Dkt. 22.[3]

Pursuant to Fed. R. Civ. P. 12(b)(6), Primerica now moves to dismiss the instant action on the ground that the instant complaint suffers from the very same defects as the ones filed in Levy's earlier suits. Plaintiff opposes the motion. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. The matter is deemed suitable for determination without oral argument, and the May 3, 2016 hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants Primerica's motion without leave to amend.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[2] Plaintiff has also filed other employment lawsuits, claiming he was not hired because he did not have a college degree, see Case No. 5:14-cv-04116-EJD *Levy v. Northwestern Mutual Life*; and because he was in debt, see Case No. 3:12-cv-01298-LB *Levy v. Mass Mutual* and Case No. 3:15-cv-06136-EDL *Levy v. Massachusetts Mutual Life Ins. Co.* All of these actions have been dismissed, either on the merits or for failure to prosecute.

[3] The complaint filed in Case No. 5:15-cv-05962 HRL *Levy v. New York Life Ins. Co.* was a virtually identical copy of an earlier one Levy filed in this court in 2011. See Case No. 3:11-cv-06617 JCS *Levy v. New York Life Ins. Co.* (2011 Action). The judge presiding over the 2011 Action dismissed the complaint because plaintiff failed to identify any "legal authority that a company's decision not to hire an individual on the basis of his past criminal record is actionable, under either state or federal law." (Case No. 3:11-cv-06617, Dkt. 6). The case subsequently was closed when plaintiff failed to amend his complaint by the court-ordered deadline.

1  statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Moreover, "the court
2  is not required to accept legal conclusions cast in the form of factual allegations if those
3  conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness
4  Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

5        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
6  claim showing that the pleader is entitled to relief."  This means that the "[f]actual allegations
7  must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v.
8  Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted)
9  However, only plausible claims for relief will survive a motion to dismiss.  Iqbal, 129 S.Ct. at
10  1950.  A claim is plausible if its factual content permits the court to draw a reasonable inference
11  that the defendant is liable for the alleged misconduct.  Id.  A plaintiff does not have to provide
12  detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-
13  harmed-me accusation."  Id. at 1949.

14        Documents appended to the complaint or which properly are the subject of judicial notice
15  may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion.  See
16  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990);
17  MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

18        While leave to amend generally is granted liberally, the court has discretion to dismiss a
19  claim without leave to amend if amendment would be futile.  Rivera v. BAC Home Loans
20  Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386,
21  393 (9th Cir. 1996)).

22  **DISCUSSION**

23        Primerica argues that dismissal is appropriate because the complaint fails to show that
24  plaintiff belongs to a protected class and because plaintiff has not alleged that he exhausted his
25  administrative remedies.  In his opposition, Levy asserts that he went to the EEOC concerning this
26  case and that the EEOC "agreed with me that my civil rights have been violated under Title XII of
27  the Civil Rights Act of 1964, in that, I too am a member of a protected class, in that my minor
28

criminal background should not bar me from employment." (Dkt. 12).[4] He further claims that the EEOC gave him the "right to sue" Primerica and "is currently investigating them in regards to this case, this specific charge." (Id.).

None of these assertions are in the complaint. And even if they were, as a matter of law, Levy still fails to state a cognizable claim for employment discrimination under either Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e, et seq., or California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, et seq.

To establish a claim under either statute, Levy must show that he belongs to a protected class. See generally Adetuyi v. City & Cnty. of San Francisco, 63 F. Supp.3d 1073, 1083 (N.D. Cal. 2014) (citing Chuang v. Univ. of Cal. Davis Bd. of Tr., 225 F.3d 1115, 1123 (9th Cir. 2000)); Slatkin v. Univ. of Redlands, 88 Cal. App.4th 1147, 1158 (2001). As plaintiff has already been told by more than one judge of this court: having a criminal record is not a protected class under either statutory scheme. See 42 U.S.C. § 2000e-2 (prohibiting employment discrimination based on an "individual's race, color, religion, sex, or national origin"); Cal. Gov't Code § 12940(a) (prohibiting employment discrimination based on "the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person . . .."). Other courts have so held. See, e.g., Manley v. Invesco, 555 Fed. Appx. 344, 348 (5th Cir. 2014) ("Persons with criminal records are not a protected class under Title VII"); Gray v. The Outsource Group, No. 4:13cv2537 TCM, 2015 WL 1006308 at *5 (Mar. 5, 2015) (same); Morgan v. Flex Tec, No. 5:12-cv-191 (MTT), 2012 WL 5398401 at *2 (M.D. Ga., Nov. 5, 2012) (same). Moreover, the fact that Levy reportedly received a "right to sue" notice does not signify that he has a valid claim for employment discrimination. The EEOC is obliged to issue such notices even when it dismisses a charge. See 42 U.S.C. § 2000e-5(f)(1).

For these reasons, Levy fails to state an actionable claim for relief, and Primerica's motion

---

[4] Inasmuch as plaintiff is alleging employment discrimination, the court assumes that he meant to reference Title VII of the Civil Rights Act of 1964.

4

to dismiss is granted. As discussed, plaintiff continues to sue for alleged employment discrimination based on his criminal record, in apparent disregard of the orders of more than one judge of this court telling him that his criminal record cannot form the basis for such claims. That behavior indicates that plaintiff cannot allege any facts even suggesting that he could plead a plausible claim for relief and that amendment would be futile. Accordingly, Levy's complaint is dismissed with prejudice.

**ORDER**

Based on the foregoing, defendant's motion to dismiss is GRANTED and plaintiff's complaint is DISMISSED WITH PREJUDICE. The clerk shall enter judgment and close this file.

SO ORDERED.

Dated:   April 28, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

5

5:16-cv-01254-HRL Notice has been electronically mailed to:

Ian Rowe Ross     ian.ross@kyl.com, menchie.garcia@kyl.com

Lisa M. Bertain     lisa.bertain@kyl.com, menchie.garcia@kyl.com

5:16-cv-01254-HRL Notice sent by U.S. Mail to:

Marc Olin Levy
18225 Hale Avenue
Morgan Hill, CA 95037